**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **KENNETH BARTH,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CAUSE NO. 1:20-cv-00922** |
| | § | |
| **LEVADATA, INC.,** | § | |
| | § | |
| *Defendant.* | § | |

## INDEX OF STATE COURT DOCUMENTS FOR REMOVAL

The following documents are attached:

Exhibit A-1    Docket Sheet

Exhibit A-2    Plaintiff's Original Petition

Exhibit A-3    Issuance of Citation

Exhibit A-4    Defendant's Answer to Plaintiff's Original Petition

Exhibit A-5     Defendant's Amended Answer to Plaintiff's Original Petition

Exhibit A-6     Defendant's Second Amended Answer to Plaintiff's Original Petition

Respectfully submitted,

/s/ Kristin L. Bauer
Kristin L. Bauer
State Bar Number 24006813
kristin.bauer@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard Street, Suite 2500
Dallas, Texas 75201
Telephone:      (214) 520-2400
Facsimile:       (214) 520-2008

Julie C. Tower
State Bar Number 24070756
julie.tower@jacksonlewis.com
JACKSON LEWIS P.C.
816 Congress Avenue, Suite 1530
Austin, Texas 78701
Telephone:      (512) 362-7100
Facsimile:       (512) 3620-5574

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2020 a true and correct copy of the foregoing document was electronically filed with the clerk for the U.S. District Court, Western District of Texas, using the ECF system of the court, and that the foregoing document was delivered to the following counsel of record via email:

Jennifer J. Spencer
James E. Hunnicutt
Dimple A. Baca
Jackson Spencer Law PLLC
Three Forest Plaza
12221 Merit Drive, Suite 160
Dallas, Texas 75251
EM:  jspencer@jacksonspencerlaw.com
EM:  jhunnicutt@jacksonspencerlaw.com
EM:  dbaca@jacksonspencerlaw.com

/s/ Kristin L. Bauer
Kristin L. Bauer

4822-7663-5557, v. 1

**District Clerk - AARO - Attorney Access to Records Online**

# Details

**Updated : Friday, September 4, 2020 4:37:15 AM**

**Cause Number**
D-1-GN-20-003532
**Style**
BARTH V. LEVADATA INC
**Filed Date**
7/8/2020
**Court**
98
**Type**
EMPLOYMENT (GEN LIT )
**Case Status**
PENDING
**Action/Offense**
**Hearing Date**

Request Documents (https://www.traviscountytx.gov/district-clerk/records-requ

New Search (/aaro/)

Return to Search Results (/aaro/Default/ReSearch?Cause=D-1---&LastOrBusines

| Attorney | Type | Party - Full/Business | Party - Person |
|---|---|---|---|
| BAUER KRISTIN LEIGH | DEFENDANT | LEVADATA INC | |
| SPENCER JENNIFER JACKSON | PLAINTIFF | | BARTH , KENNETH |

| Date | Court | Party | Description | Category | Pages | |
|---|---|---|---|---|---|---|
| 8/31/2020 | 98 | DF | ORIG ANSWER/SPECIAL APPEARANCE | ANS-RESP | 3 | Download (/aaro/Default/GetPdf?barCodeId=7253051) |
| 7/14/2020 | 98 | DF | ISS:CITATION | ISSUANCE | 1 | Download (/aaro/Default/GetPdf?barCodeId=7182599) |
| 7/8/2020 | 98 | PL | ORIGINAL PETITION/APPLICATION | PET-PL | 109 | Download (/aaro/Default/GetPdf?barCodeId=7177372) |

Request Documents (https://www.traviscountytx.gov/district-clerk/records-request)

New Search (/aaro/)

Return to Search Results (/aaro/Default/ReSearch?Cause=D-1---&LastOrBusinessName=Barth&FirstName=Kenneth&CourtType=D&CourtLocation=1)

© 2020 Travis County, Texas - All rights reserved.

**EXHIBIT A-1**

7/8/2020 1:21 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-20-003532
Ruben Tamez

Cause No. <u>D-1-GN-20-003532</u>

| | | |
|---|---|---|
| **KENNETH BARTH,** | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | <u>98TH</u>   JUDICIAL DISTRICT |
| | § | |
| **LEVADATA, INC.,** | § | |
| | § | |
| **Defendant.** | § | TRAVIS  COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION
AND DISCOVERY REQUESTS**

Plaintiff Kenneth Barth files this Original Petition and Discovery Requests against LevaData, Inc.  Plaintiff requests damages, interest, attorneys' fees, and costs for Defendant's unlawful acts.

## I.    DISCOVERY CONTROL PLAN

1.    Plaintiff intends that discovery be conducted under Level 2 of Texas Rule of Civil Procedure 190.3.

2.    Pursuant to Texas Rule of Civil Procedure 47, Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

## II.    PARTIES AND SERVICE

3.    Plaintiff Kenneth Barth is a resident of Austin, Texas. At all times relevant, he was a resident of Travis County, Texas.

4.    LevaData, Inc. ("Defendant" or "LevaData") is a foreign corporation doing business in Texas, but does not maintain a regular place of business in this state, nor has it designated an agent for service of process in this state.  Pursuant to Texas Civil Practice & Remedies Code § 17.044, Defendant LevaData can be served through the Texas Secretary of

**EXHIBIT
A-2**

**PLAINTIFF'S ORIGINAL PETITION AND DISCOVERY REQUESTS**                    **PAGE 1**

Unofficial Copy

State of Texas as an agent for service of process at the following address: Secretary of State, Citations Section, James E. Rudder Building, Room 105, 1019 Brazos, Austin, Texas 78701.

## III.   VENUE & JURISDICTION

5.      Venue in Travis County is proper under Tex. Civ. Prac. & Rem. Code § 15.002(a)(1) because all or a substantial part of the events or omissions that gave rise to this action occurred in Travis County.

6.      Plaintiff dual-filed a "Charge of Discrimination" ("Charge") on June 19, 2019, alleging disability and age discrimination with the Texas Workforce Commission ("TWC") and the U.S. Equal Employment Opportunity Commission ("EEOC").  On April 9, 2020, the EEOC issued its Notice of Dismissal and Right to File Civil Action (the "Right to Sue Letter") to Plaintiff.  This lawsuit is being filed within ninety (90) days of Plaintiff's receipt of the Right to Sue Letter, and more than 180 days since the Charge was filed with the TWC.  Thus, all administrative prerequisites have been met or have expired.

7.      This controversy is within the jurisdictional limits of this Court.

## IV.   FACTUAL SUMMARY

8.      Defendant is a Silicon Valley start-up offering a "software-as-a-service" platform for supply-chain solutions to businesses nationwide, including in Texas.  It is headquartered at 60 S. Market St., Suite 700, San Jose, California 95113.

9.      In February 2018, Plaintiff, age 57 and Anglo-Caucasian, began working as a contractor for Defendant remotely from his home in Austin, Texas.

10.     Plaintiff was one of several Austin-based employees that worked remotely for Defendant.

11.     In June 2018, Defendant hired Plaintiff as a full-time employee.

**PLAINTIFF'S ORIGINAL PETITION AND DISCOVERY REQUESTS**                    **PAGE 2**

Unofficial Copy

12. Plaintiff's employment compensation offer from Defendant was an annual salary of $135,000, a sign on bonus of $2,000, a bonus opportunity of up to 10% of salary, and stock options for 8,600 shares.

13. In July 2018, Plaintiff contracted a virus that resulted in severe hearing loss in his left ear and vertigo, diagnosed as "sensineural hearing loss." Hearing is a "major life activity" under both the ADA and TCHRA.

14. Plaintiff's condition worsened during a trip to Defendant's San Jose office in July 2018.

15. Plaintiff sought treatment for his hearing loss, first in California, and subsequently following his return to Austin.

16. Plaintiff immediately informed his manager, Akwasi Peprah (early to mid-50s and African), and Rajesh Kalidindi (approximately 50 and Indian), Defendant's CEO, of his hearing loss and the work-related problems it was posing.

17. Other executives and managers of Defendant were also well aware of Plaintiff's hearing loss, including Mark Cosway, Senior Vice President of Sales, Srinivasan Kumar, Chief Technology Officer, and Cody Wilson, Customer Success Manager.

18. In July and August 2019, Plaintiff began having difficulty hearing what was being said in his telephonic meetings with co-workers, and he informed his boss, Peprah, that this was occurring.

19. Plaintiff also informed Peprah that the hearing loss also exacerbated Plaintiff's Attention Deficit Disorder ("ADD") disability, which Plaintiff normally controlled by medication. As time passed, in telephonic meetings Plaintiff could not hear what was being said and it was not possible for him to lip read, which led to a decrease in Plaintiff's efficiency.

**PLAINTIFF'S ORIGINAL PETITION AND DISCOVERY REQUESTS**                    **PAGE 3**

20.     Plaintiff was also suffering from tinnitus, which further inhibited Plaintiff from hearing what was being said during meetings held telephonically and via video teleconference calls.

21.     Plaintiff made a request to Peprah, who also performed Human Resource functions for Defendant, that he be allowed to fly to San Jose about every three weeks to enable Plaintiff to participate in meetings face-to-face.

22.     Peprah refused Plaintiff's request, saying it would be "too expensive," even though that same month, July 2018, Defendant had received $12 million in a Series B financing round, and even though Defendant was flying a number of executives and other employees to San Jose from Austin and other locations at least every other week

23.     Plaintiff made other requests to Peprah seeking a reasonable accommodation, which were not granted by Defendant.

24.     At no time did Defendant offer any accommodation to Plaintiff, nor did it suggest any possibly acceptable or effective accommodations. Defendant made no attempt to engage in an interactive dialogue with Plaintiff, as was its legal duty under the law, but instead only rejected the suggestions unilaterally posed by Plaintiff.

25.     Following Defendant's refusal to fly Plaintiff to San Jose more frequently to enable him to meet face-to-face rather than via telephone, Plaintiff informed Peprah that Plaintiff would move to San Jose, even at his own expense, to enable Plaintiff to participate in face-to-face meetings and to therefore be more effective and engaged.

26.     Defendant refused Plaintiff's offer without explanation or suggesting alternatives.

Unofficial Copy

27.     Plaintiff's manager, Peprah, was subsequently replaced by Pari Annamalai (early to mid-50s and Indian) as Vice President - Customer Success. One of Annamalai's business objectives was to continue to improve the services being provided to Defendant's customers so they would continue to renew their contracts with Defendant.

28.     Due to customer dissatisfaction with Defendant's products and product support, and questions raised concerning Defendant's claims that its product would result in great cost savings, Defendant decided to offer "proof of analysis services."  As part of that effort, Plaintiff was moved into the role of providing such services to Defendant's customers, but despite Plaintiff's requests to Annamalai, Annamalai denied Plaintiff training. even though younger employees received training and, on information and belief, non-Anglo-Caucasians were trained as well.

29.     Without training and without the requested accommodations, Plaintiff's hearing loss made his new role even more difficult to perform than it could have been, as Defendant was certainly aware.

30.     Despite being hired after Plaintiff and not having demonstrated any expertise in the field, Defendant took away the lucrative IBM account from Plaintiff and gave it to his much younger colleague, Manish Jhawar, approximately 40 years old and Indian.

31.     Plaintiff repeated his requests for more frequent in-person meetings in San Jose, or, alternatively to relocate there, but again those requests were ignored by Defendant.

32.     On November 29, 2018, without any prior suggestion of performance issues, Defendant unexpectedly presented Plaintiff with a negative performance review, and pressured Plaintiff to sign it or face immediate termination.

**PLAINTIFF'S ORIGINAL PETITION AND DISCOVERY REQUESTS**          **PAGE 5**

Unofficial Copy

33.     A 30-day Performance Improvement Plan ("PIP") accompanied the performance review.  Although Annamalai was supposed to meet with Plaintiff periodically throughout the month of December to discuss the PIP and progress thereunder, Annamalai only met with Plaintiff once.

34.      On January 7, 2019, during a phone call in which Plaintiff was led to believe Annamalai would finally provide feedback on the PIP, Plaintiff was instead unceremoniously fired.

35.     Plaintiff was replaced by a 32-year old Indian employee, Girish Pastela.

36.     The reasons stated to Plaintiff as the cause for his termination were false and mere pretext for terminating him for illegal reasons.

37.     Defendant terminated Plaintiff due to his disability, his age, and/or his race, color, or national origin.

38.     All conditions precedent have been met or have occurred.

## V.     CAUSES OF ACTION

**COUNT ONE:   DISCRIMINATORY   DISCHARGE   DUE   TO   DISABILITY   IN VIOLATION OF THE TCHRA AND ADA**

39.     Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

40.     Plaintiff has satisfied all jurisdictional prerequisites in connection with his claim under the Texas Commission on Human Rights Act, Tex. Lab. Code §§ 21.001 *et seq*. ("TCHRA") and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (the "ADA").

41.     At all times relevant, Defendant was an "employer" as defined by the TCHRA and ADA.

42.     When Plaintiff worked for Defendant, he was an "employee" as defined by the TCHRA and ADA.

Unofficial Copy

43.     Plaintiff had a disability, within the meaning of the TCHRA and ADA, beginning in July 2018 and continuing through his termination of employment in January 2019.  Defendant was  made aware of such disability by Plaintiff, its effect upon Plaintiff's work, and the need for accommodation.   Additionally, Defendant's  managers  were  able  themselves  to  observe Plaintiff's ongoing loss of hearing.

44.     Plaintiff  was  able  to  perform  his  essential  duties  with  reasonable accommodations, but all reasonable accommodations suggested by Plaintiff were unilaterally denied by Defendant. Defendant offered no reasonable or effective accommodations to Plaintiff.

45.     Defendant failed and refused to engage in any meaningful interactive dialogue with Plaintiff to discuss possible reasonable accommodations.  Instead, Defendant ignored and failed its legal duties under the TCHRA and ADA as it relates to providing equal opportunity to employees with disabilities.

46.     Plaintiff's employment was terminated due to his disability in violation of the TCHRA and ADA.

47.     Plaintiff's discharge by Defendant was motivated by and due to his disability in violation of the TCHRA and ADA.  Moreover, Defendant failed and refused to reasonably accommodate Plaintiff's disability.

48.     Plaintiff's termination was malicious or made with reckless indifference to his protected rights.

49.     As a direct and proximate consequence of Defendant's violation, Plaintiff has suffered damages.

50.     Plaintiff's damages include lost wages, past and future mental anguish, inconvenience, and loss of enjoyment of life.

**PLAINTIFF'S ORIGINAL PETITION AND DISCOVERY REQUESTS**                          **PAGE 7**

Unofficial Copy

51.     Plaintiff seeks equitable relief, compensatory and exemplary damages, pre- and post-judgment interest, attorneys' fees, and costs.

**COUNT TWO:    DISCRIMINATORY DISCHARGE DUE TO AGE IN VIOLATION OF THE TCHRA and ADEA**

52.     Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

53.     Plaintiff has satisfied all jurisdictional prerequisites in connection with his claim under the TCHRA and the Age Discrimination in Employment Act 29 U.S.C. §§ 621-34 ("ADEA").

54.     Plaintiff was terminated on the basis of his age in violation of the TCHRA and ADEA.

55.     Plaintiff's termination was malicious and/or made with reckless indifference to his protected rights.

56.     As a direct and proximate consequence of Defendant's violation, Plaintiff has suffered damages.

57.     Plaintiff's damages include lost wages, past and future mental anguish, inconvenience, and loss of enjoyment of life.

58.     Plaintiff seeks equitable relief, compensatory and exemplary damages, liquidated damages pursuant to 29 U.S.C. §§ 621-34, pre- and post-judgment interest, attorneys' fees, and costs.

**COUNT THREE:    DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981**

59.     Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

60.     Plaintiff had entered into a valid contract for employment, which contract was terminated by Defendant on the basis of Plaintiff's race and color, denying Plaintiff's rights to make and enforce contracts under 42 U.S.C. § 1981.

**PLAINTIFF'S ORIGINAL PETITION AND DISCOVERY REQUESTS                    PAGE 8**

Unofficial Copy

61.     Defendant's termination of Plaintiff's employment was intentional, and was malicious or made with reckless indifference to his protected rights.

62.     As a direct and proximate consequence of Defendant's violation, Plaintiff has suffered damages.

63.     Plaintiff's damages include lost wages, employment benefits and other compensation, past and future pain and suffering, past and future mental anguish, inconvenience, and loss of enjoyment of life.

64.     Plaintiff seeks equitable relief as may be appropriate, damages, exemplary damages, pre- and post-judgment interest, attorneys' fees, and costs.

## VI.   DISCOVERY

65.     Pursuant to Tex. R. Civ. P. 194, Defendant is requested to disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

66.     Attached as Exhibit A is Plaintiff's First Request for Production of Documents to Defendant.

67.     Attached as Exhibit B is Plaintiff's First Set of Interrogatories to Defendant.

68.     Attached as Exhibit C is Plaintiff's First Request for Admissions to Defendant.

## VII.  JURY DEMAND

69.     Plaintiff demands a jury trial and has tendered the appropriate fee.

## VIII. PRAYER

WHEREFORE, premises considered, Plaintiff respectfully requests that the Court:

A.      Issue citation for Defendant to appear and answer;

B.      Award to Plaintiff a judgment against Defendant for:

Unofficial Copy

1.    Equitable relief, including lost wages and benefits (both past and future), the sum to be determined at time of trial;

2.    Compensatory, liquidated, and exemplary damages in the maximum amount allowed by law;

3.    Pre- and post-judgment interest;

4.    Attorneys' fees; and

5.    Costs.

Plaintiff also requests that the Court award all other relief to which Plaintiff is entitled in equity and at law.

Respectfully Submitted,

*/s/ Jennifer J. Spencer*
Jennifer J. Spencer
Texas Bar No. 10474900
jspencer@jacksonspencerlaw.com
James E. Hunnicutt
Texas Bar No. 24054252
jhunnicutt@jacksonspencerlaw.com
Dimple A. Baca
Texas Bar No. 24060049
dbaca@jacksonspencerlaw.com
JACKSON SPENCER LAW PLLC
Three Forest Plaza
12221 Merit Drive, Suite 160
Dallas, Texas 75251
(972) 458-5301 (Telephone)
(972) 770-2156 (Fax)

**ATTORNEYS FOR PLAINTIFF**
**KENNETH BARTH**

Unofficial Copy

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-20-003532**

KENNETH BARTH

, Plaintiff

    vs.
LEVADATA, INC

Defendant

TO:  LEVADATA,INC
     BY SERVING THROUGH THE SECRETARY OF STATE RUTH R. HUGHES OR HER AGENT/SUCCESSOR
     1019 BRAZOS STREET
     JAMES E. RUDDER BUILDING ROOM 105
     AUSTIN, TEXAS 78701

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the PLAINTIFFS ORIGINAL PETITION AND DISCOVERY REQUESTS of the PLAINTIFF in the above styled and numbered cause, which was filed on JULY 8, 2020 in the 98TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, Jul 14, 2020.

REQUESTED BY:
JENNIFER JACKSON SPENCER
12221 MERIT DR STE 160
THREE FOREST PLAZA
DALLAS, TX 75251
BUSINESS PHONE:(972)458-5301  FAX:(972)770-2156

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: RUBEN TAMEZ

-- - -- - -- - -- - -- - -- - **R E T U R N** -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the PLAINTIFFS ORIGINAL PETITION AND

DISCOVERY REQUESTS, LAWYER REFERRAL accompanying pleading, having first attached such copy of such

citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

_____
Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

By:_____

_____ day of _____, _____.

_____
Printed Name of Server

_____ County, Texas
_____
Notary Public, THE STATE OF TEXAS

D-1-GN-20-003532              SERVICE FEE NOT PAID           P01 - 000094544

☐ Original    ☐ Service Copy

**EXHIBIT
A-3**

Unofficial copy Travis Co. District Clerk Velva L. Price

8/31/2020 4:48 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-20-003532**
**Gilberto Rios**

CAUSE NO: D-1-GN-20-003532

| | | |
|---|---|---|
| KENNETH BARTH, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| | § | 98th JUDICIAL DISTRICT |
| | § | |
| LEVADATA, INC., | § | |
| | § | |
| Defendant. | § | TRAVIS COUNTY, TEXAS |

## **DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

Defendant, by and through the undersigned counsel, files its Answer ("Answer") to Plaintiff's Original Petition ("Petition") and would respectfully show the Court as follows:

## **GENERAL DENIAL**

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each and every allegation contained in the Petition and demands strict proof thereof.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that Plaintiff take nothing by his claims, that Plaintiff's claims against Defendant be dismissed with prejudice, that the Court enter final judgment in its favor, and that Defendant recover all costs, including reasonable attorneys' fees, together with such other and further relief, at law or in equity, to which it may be justly entitled.

EXHIBIT
A-4

**DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION**                                    **PAGE 1**

Respectfully submitted,

*/s/ Kristin L. Bauer*
Kristin L. Bauer
State Bar Number 24006813
kristin.bauer@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard Street, Suite 2500
Dallas, Texas 75201
Telephone:    (214) 520-2400
Facsimile:    (214) 520-2008

Julie C. Tower
State Bar Number 24070756
julie.tower@jacksonlewis.com
JACKSON LEWIS P.C.
816 Congress Avenue, Suite 1530
Austin, Texas 78701
Telephone:    (512) 362-7100
Facsimile:    (512) 3620-5574

**ATTORNEYS FOR DEFENDANT**

**<u>CERTIFICATE OF SERVICE</u>**

I certify that a copy of the foregoing pleading was served in accordance with the Texas Rules of Civil Procedure on this 31st day of August, 2020 to the following counsel of record:

Jennifer J. Spencer
James E. Hunnicutt
Dimple A. Baca
Jackson Spencer Law PLLC
Three Forest Plaza
12221 Merit Drive, Suite 160
Dallas, Texas 75251
EM:  jspencer@jacksonspencerlaw.com
EM:  jhunnicutt@jacksonspencerlaw.com
EM:  dbaca@jacksonspencerlaw.com

*/s/ Kristin L. Bauer*
Kristin L. Bauer

**DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION**                    **PAGE 2**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Nancy Blum on behalf of Kristin Bauer
Bar No. 24006813
nancy.blum@jacksonlewis.com
Envelope ID: 45851161
Status as of 9/3/2020 9:46 AM CST

Associated Case Party: Kenneth Barth

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| James E.Hunnicutt | | jhunnicutt@jacksonspencerlaw.com | 8/31/2020 4:48:01 PM | SENT |
| Dimple A.Baca | | dbaca@jacksonspencerlaw.com | 8/31/2020 4:48:01 PM | SENT |
| Jennifer J.Spencer | | jspencer@jacksonspencerlaw.com | 8/31/2020 4:48:01 PM | SENT |

Associated Case Party: LevaData, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Dallas Docketing | | DallasDocketing@jacksonlewis.com | 8/31/2020 4:48:01 PM | SENT |
| Kristin L.Bauer | | bauerk@jacksonlewis.com | 8/31/2020 4:48:01 PM | SENT |
| Julie C.Tower | | Julie.Tower@jacksonlewis.com | 8/31/2020 4:48:01 PM | SENT |
| Nancy Blum | | nancy.blum@jacksonlewis.com | 8/31/2020 4:48:01 PM | SENT |
| Patricia A.Haynes | | phaynes@jacksonspencerlaw.com | 8/31/2020 4:48:01 PM | SENT |
| Lizzette Smoots | | lizzette.smoots@jacksonlewis.com | 8/31/2020 4:48:01 PM | SENT |
| Crystal Aranda | | Crystal.Aranda@jacksonlewis.com | 8/31/2020 4:48:01 PM | SENT |

CAUSE NO: D-1-GN-20-003532

| | | |
|---|---|---|
| KENNETH BARTH, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| | § | 98th JUDICIAL DISTRICT |
| | § | |
| LEVADATA, INC., | § | |
| | § | |
| Defendant. | § | TRAVIS COUNTY, TEXAS |

## DEFENDANT'S AMENDED ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendant, by and through the undersigned counsel, files its Amended Answer ("Answer") to Plaintiff's Original Petition ("Petition") and would respectfully show the Court as follows:

## GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each and every allegation contained in the Petition and demands strict proof thereof.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.     All actions taken with regard to Plaintiff were made in good faith and were based upon legitimate business reasons; consequently, Plaintiff is precluded from recovering any amounts as punitive or liquidated damages.

2.     All or part of the relief sought by Plaintiff is not available under the pertinent statutes.  To the extent necessary, Defendant invokes all applicable damage caps or limitations.

3.     The claim for alleged damages is barred, in whole or in part, by offset, payment, compensation, or benefits received through any subsequent employment.

4.     Plaintiff's claims are barred, in whole or part, because granting any reasonable accommodation Plaintiff sought or desired would have posed an undue hardship on Defendant.

5.      Plaintiff's claim for relief is barred because Plaintiff's medical condition, if any, was temporary and minor.

6.      Plaintiff's claims are barred in whole or part because Defendant engaged in an interactive dialogue about potential reasonable accommodations, Defendant provided reasonable and effective accommodations, and/or Plaintiff was responsible for any alleged failure of the interactive process.

7.      Even if Plaintiff's alleged disability was a factor in any adverse employment action, which it was not, Plaintiff's claims for damages are barred in whole or part because Defendant would have made the same decision anyway.

8.      Plaintiff received all leave to which he was entitled.

9.      Plaintiff's claims are barred, in whole or part, by the applicable statute of limitations.

10.     Plaintiff has failed to state a claim for relief.

11.     Plaintiff failed to mitigate his damages.

12.     Defendant retains the right to amend this Answer and add any additional defenses or affirmative defenses on the close of discovery or in compliance with the Court's scheduling order.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that Plaintiff take nothing by his claims, that Plaintiff's claims against Defendant be dismissed with prejudice, that the Court enter final judgment in its favor, and that Defendant recover all costs, including reasonable attorneys' fees, together with such other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,


/s/ Kristin L. Bauer
Kristin L. Bauer
State Bar Number 24006813
kristin.bauer@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard Street, Suite 2500
Dallas, Texas 75201
Telephone:     (214) 520-2400
Facsimile:     (214) 520-2008

Julie C. Tower
State Bar Number 24070756
julie.tower@jacksonlewis.com
JACKSON LEWIS P.C.
816 Congress Avenue, Suite 1530
Austin, Texas 78701
Telephone:     (512) 362-7100
Facsimile:     (512) 3620-5574

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing pleading was served in accordance with the Texas Rules of Civil Procedure on this 3ʳᵈ day of September, 2020 to the following counsel of record:

Jennifer J. Spencer
James E. Hunnicutt
Dimple A. Baca
Jackson Spencer Law PLLC
Three Forest Plaza
12221 Merit Drive, Suite 160
Dallas, Texas 75251
EM:  jspencer@jacksonspencerlaw.com
EM:  jhunnicutt@jacksonspencerlaw.com
EM:  dbaca@jacksonspencerlaw.com

*/s/ Kristin L. Bauer*
Kristin L. Bauer

CAUSE NO: D-1-GN-20-003532

| KENNETH BARTH, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| | § | 98th JUDICIAL DISTRICT |
| | § | |
| LEVADATA, INC., | § | |
| | § | |
| Defendant. | § | TRAVIS COUNTY, TEXAS |

## DEFENDANT'S SECOND AMENDED ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendant, by and through the undersigned counsel, files its Second Amended Answer ("Answer") to Plaintiff's Original Petition ("Petition") and would respectfully show the Court as follows:

## GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each and every allegation contained in the Petition and demands strict proof thereof.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.      All actions taken with regard to Plaintiff were made in good faith and were based upon legitimate business reasons; consequently, Plaintiff is precluded from recovering any amounts as punitive or liquidated damages.

2.      Plaintiff has failed to exhaust his administrative remedies.

3.      Defendant did not have constructive or actual notice of any alleged disability and/or medical condition of Plaintiff.



EXHIBIT
A-6

4.     All or part of the relief sought by Plaintiff is not available under the pertinent statutes.  To the extent necessary, Defendant invokes all applicable damage caps or limitations.

5.     The claim for alleged damages is barred, in whole or in part, by offset, payment, compensation, or benefits received through any subsequent employment.

6.     Plaintiff's claims are barred, in whole or part, because granting any reasonable accommodation Plaintiff sought or desired would have posed an undue hardship on Defendant.

7.     Plaintiff's claim for relief is barred because Plaintiff's medical condition, if any, was temporary and minor.

8.     Plaintiff's claims are barred in whole or part because Defendant engaged in an interactive dialogue about potential reasonable accommodations, Defendant provided reasonable and effective accommodations, and/or Plaintiff was responsible for any alleged failure of the interactive process.

9.     Even if Plaintiff's alleged disability was a factor in any adverse employment action, which it was not, Plaintiff's claims for damages are barred in whole or part because Defendant would have made the same decision anyway.

10.     Plaintiff's claims are barred, in whole or part, by the applicable statute of limitations.

11.     Plaintiff has failed to state a claim for relief.

12.     Plaintiff failed to mitigate his damages.

13.     Defendant retains the right to amend this Answer and add any additional defenses or affirmative defenses on the close of discovery or in compliance with the Court's scheduling order.

**DEFENDANT'S SECOND AMENDED ANSWER TO PLAINTIFF'S ORIGINAL PETITION          PAGE 2**

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that Plaintiff take nothing by his claims, that Plaintiff's claims against Defendant be dismissed with prejudice, that the Court enter final judgment in its favor, and that Defendant recover all costs, including reasonable attorneys' fees, together with such other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

*/s/ Kristin L. Bauer*

Kristin L. Bauer
State Bar Number 24006813
kristin.bauer@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard Street, Suite 2500
Dallas, Texas 75201
Telephone:     (214) 520-2400
Facsimile:      (214) 520-2008

Julie C. Tower
State Bar Number 24070756
julie.tower@jacksonlewis.com
JACKSON LEWIS P.C.
816 Congress Avenue, Suite 1530
Austin, Texas 78701
Telephone:     (512) 362-7100
Facsimile:      (512) 3620-5574

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading was served in accordance with the Texas Rules of Civil Procedure on this 4th day of September, 2020 to the following counsel of record:

Jennifer J. Spencer
James E. Hunnicutt
Dimple A. Baca
Jackson Spencer Law PLLC
Three Forest Plaza
12221 Merit Drive, Suite 160
Dallas, Texas 75251
EM:  jspencer@jacksonspencerlaw.com
EM:  jhunnicutt@jacksonspencerlaw.com
EM:  dbaca@jacksonspencerlaw.com


_/s/ Kristin L. Bauer_ _____
Kristin L. Bauer